■ In the Matter of the Claim of ONI B. COLE, Appellant. CORNELL COOPERATIVE EXTENSION OF ERIE COUNTY, Respondent; COMMISSIONER OF LABOR, Respondent. [770 NYS2d 450]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 16, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a nutrition educator after it was discovered that he falsely indicated on his time card that he taught a class on the evening of February 6, 2002. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to disqualifying misconduct, prompting this appeal.

The record establishes that claimant complied with the

ordinary practices of the employer and submitted his time card prior to the end of the day on February 6, 2002, the last day of the pay period, indicating that he worked that evening from 4:30 P.M. to 8:00 P.M. However, claimant later cancelled that night's evening class and, according to his supervisor, never informed the employer of the subsequent change to the hours he worked. It is well settled that an employee's falsification of time records can constitute disqualifying misconduct (*see Matter of Noel [Commissioner of Labor]*, 306 AD2d 671 [2003]; *Matter of Richardson [Eastman Kodak Co.—Commissioner of Labor]*, 301 AD2d 1004 [2003]). The conflicting testimony as to whether claimant notified the employer of the change in his schedule created a credibility issue that was the Board's responsibility to resolve (*see Matter of Noel [Commissioner of Labor]*, *supra* at 672; *Matter of Sonzogni [Gilmor Glassworks—Commissioner of Labor]*, 301 AD2d 939 [2003]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.